UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK
------------------------------------------------------

In re

    MISTY G. O'CONNOR,
    d/b/a Misty Shores Events, LLC            BK 18-11779 CLB

                  Debtor.                   DECISION & ORDER

------------------------------------------------------

        Mark J. Schlant, Esq.
        1600 Main Place Tower
        350 Main Street
        Buffalo, New York 14202
        Chapter 7 Trustee

        Craig A. Markham
        5622 East Lake Road
        Erie, Pennsylvania 16511
        Pro Se Creditor

Carl L. Bucki, Chief U.S.B.J., W.D.N.Y.

    On this claim objection, the central issue of law is whether email communications can satisfy the requirement of the New York Statute of Frauds that a promise to answer for the debt of another be in writing and subscribed by the party assuming the obligation.

    Prior to the filing of her bankruptcy petition, Misty G. O'Connor established a limited liability company named Misty Shores Events, LLC. The purpose of this entity was to operate a wedding venue that was under construction in Ripley, New York. Anticipating a timely completion of its reception facility, Misty Shores Events, LLC, began to schedule wedding dates. Thus, on September 10, 2017, Shannon Markham and Cameron Folga entered into a contract with Misty Shores Events, LLC, for the purchase of a "full wedding and reception package" that included a rental of the

reception facility on June 16, 2018, at a total cost of $17,500.  Craig A. Markham, the father of the prospective bride, then paid to the company a required deposit of $1,000.

Misty Shores Events, LLC, was ultimately unable to open for business and failed to return any of ten customer deposits, including that which Mr. Markham had advanced.  On March 4, 2018, in an effort to resolve the resulting claim, Misty O'Connor sent an email to Shannon Markham.  In it, Ms. O'Connor wrote that she was "personally trying to pick up the pieces of my business not opening," and that she "agreed to pay each couple monthly payments until their full deposited amount is paid in full."  Despite this promise, Craig Markham received no reimbursement.

Misty G. O'Connor filed a petition for relief under Chapter 7 of the Bankruptcy Code on September 12, 2018.  In her schedule of unsecured creditors, the debtor included the customers who had paid deposits to Misty Shores Events, LLC.  In each instance, the schedule contained no indication that the liability was contingent, unliquidated or disputed.

In June of 2019, the Chapter 7 trustee caused the issuance of a notice to all creditors that he had recovered assets and that a deadline had been set for the filing of proofs of claim.  In response, Craig Markham filed a timely proof of claim for an unsecured, non-priority debt of $1,000.  Objecting to this claim, the trustee contends that the deposit created an obligation of the limited liability company only and that the company's separate existence served to insulate Misty O'Connor.  Craig Markham responds that he holds a valid claim against the bankruptcy estate by reason of the fact that the debtor had assumed personal responsibility for her company's indebted-ness.

The email from Misty O'Connor to Shannon Markham contains a promise to pay an obligation of Misty Shores Events, LLC.  Consideration for this commitment derives from the decision of Craig Markham to defer legal proceedings for collection.  At issue,

however, is whether Misty O'Connor's personal pledge satisfies the requirements of the Statute of Frauds as codified in the New York General Obligations Law.

Section 5-701(a)(2) of the New York General Obligations Law states in relevant part as follows:

> "Every agreement, promise or undertaking is void, unless it or some note or memorandum thereof be in writing, and subscribed by the party to be charged therewith, or by his lawful agent, if such agreement, promise or undertaking . . . [i]s a special promise to answer for the debt, default or miscarriage of another person."

To be valid, therefore, the promise of Misty O'Connor to answer for the debt of Misty Shores Events, LLC, would need to be evidenced by a writing subscribed by the debtor. Here, the only such evidence is an email presented in the format of a letter. After what in a traditional letter would have been called the complimentary closing, Ms. O'Connor typed "Misty" in a space immediately above a line reciting her full name.

Since March 26, 2000, the Electronic Signatures and Records Act has governed the use and authentication of electronic documents in the State of New York. *See* N.Y. STATE TECH. Art. 3 (McKinney 2016). This statute confirms two conclusions: first, that the email from Misty O'Connor has the force of a writing; and second, that Misty O'Connor effectively subscribed that writing.

Section 302 of the Electronic Signatures and Records Act broadly defines "electronic record" as "information, evidencing any act, transaction, occurrence, event, or other activity, produced or stored by electronic means and capable of being accurately reproduced in forms perceptible by human sensory capabilities." N.Y. STATE TECH. § 302(2) (McKinney 2016). As a document stored by electronic means, Misty O'Connor's email satisfies the definition of an electronic record. Pursuant to section 305(3) of the statute, "[a]n electronic record shall have the same force and effect as those records not produced by electronic means." N.Y. STATE TECH. § 305(3) (McKinney

2016).  Consequently, the email enjoys the same status of a writing in the form of a letter etched with ink on paper.

When applicable, New York's Statute of Frauds requires not only a writing, but also that the writing be subscribed.  In this regard, the Electronic Signatures and Records Act provides that "unless specifically provided otherwise by law, an electronic signature may be used by a person in lieu of a signature affixed by hand.  The use of an electronic signature shall have the same validity and effect as the use of a signature affixed by hand."  N.Y. STATE TECH. § 304(2) (McKinney 2016).  The statute defines electronic signature as "an electronic sound, symbol, or process, attached to or logically associated with an electronic record and executed or adopted by a person with the intent to sign the record."  N.Y. STATE TECH. § 302(3) (McKinney 2016).

In the present instance, by typing her first name in a space above her full name at the end of the email, Misty O'Connor created a symbol that she attached to a writing.  To satisfy the definition of an electronic signature, however, the name would need to be "executed or adopted . . . with the intent to sign the record."  We may infer the necessary intent from the debtor's use of the traditional format of a letter that concludes with a completed signature line.  The trustee offers no reason to reject this inference.  Moreover, such intent is fully consistent with the bankruptcy schedules wherein Misty O'Connor acknowledges an undisputed personal liability.  Nor does it appear that the debtor's email falls within any of the exceptions to application of the Electronic Signatures and Records Act.  *See* N.Y. STATE TECH. § 307(McKinney 2016).

The email from Misty O'Connor is a writing, in that it memorialized thoughts that she expressed in words that she wrote on her computer.  In like respect, New York courts have recognized emails as writings.  *See Philadelphia Insurance Indemnity Co. v. Kendall*, __ A.D.3d __, 2021 WL 2834536 (1st Dept. 2021); *Naldi v. Grunberg,* 80 A.D.3d 1, 908 N.Y.S.2d 639 (1st Dept. 2010); *Stevens v. Publicis S.A.*, 50 A.D.3d 253, 255, 854 N.Y.S.2d 690 (1st Dept. 2008).  *See also Bazak Intern. Corp. v. Tarrant*

*Apparel Group*, 378 F.Supp.2d 377 (S.D.N.Y. 2005). Additionally, New York courts have held that writers subscribe an electronic document when, as in the present instance, they type their name at the conclusion of an email. *Forcelli v. Gelco Corp.*, 109 A.D.3d 244, 251, 972 N.Y.S.2d 570, 575-76 (2nd Dept. 2013); *Williamson v. Delsener*, 59 A.D.3d 291, 874 N.Y.S.2d 41 (1st Dept. 2009). One recent decision has gone further to hold that the mere sending of an email message may suffice as a subscription. Thus, in *Philadelphia Insurance Indemnity Co. v. Kendall*, ___ A.D.3d at ___, 2021 WL 2834536 (1st Dept. 2021), the court found "that if an attorney hits 'send' with the intent of relaying a settlement offer or acceptance, and their email account is identified in some way as their own, then it is unnecessary for them to type their own signature."

      The New York State legislature has made a policy decision about whether electronic communications are more akin to writings or to conversations. The Electronic Signatures and Records Act "establishes that electronic signatures and records have the same force and effect as signatures and records produced by nonelectronic means and should be utilized to facilitate both business in, as well as the business of, New York State." N.Y. COMP. CODES R. & REGS. Tit. 9, § 540.1 (2016). In this spirit, we treat the email of Misty O'Connor as a subscribed writing that satisfies the conditions of General Obligations Law § 5-701(2) for a special promise to answer for the debt of another. Accordingly, for the reasons stated herein, this Court will overrule the trustee's objection to the claim of Craig Markham.

      The trustee objected to claims filed in this case by six former customers of Misty Shores Events, LLC. Because Craig Markham was the only one of these claimants to respond to that objection, the trustee requested that we defer a decision with regard to the remaining creditors until after consideration of Markham's arguments. Now that the Court has decided the merits of Markham's claims, we will restore the remaining objections to our regular motion calendar on August 5, 2021.

So ordered.

Dated: July 27, 2021 /s/ Carl L. Bucki_____
      Buffalo, New York Hon. Carl L. Bucki, Chief U.S.B.J., W.D.N.Y.